# UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
Oakland Venue

**Petition for Warrant for Person Under Supervision**
(Initial Petition for Summons was filed on March 1, 2021)

| | |
|---|---|
| **Person Under Supervision** <br> Taj Habeeb Williams | **Docket Number** <br> 0971 4:15CR00422-001 JSW |
| **Name of Sentencing Judge:** | The Honorable Jeffrey S. White <br> Senior United States District Judge |

5:22-MJ-00048

**Date of Original Sentence:** March 1, 2016

**Original Offense**
Count One: Felon in Possession of a Firearm, 18 U.S.C. § 922(g), a Class C felony

**Original Sentence:** 30 months custody, followed by three years supervised release

**Special Conditions:** Drug treatment/testing; mental health treatment; no alcohol; $100 special assessment; expanded search; not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons; participate in the collection of DNA.

**Prior Form(s) 12:** On April 19, 2018, a Petition for Summons for Offender Under Supervision was filed alleging Mr. Williams violated his supervised release conditions as he was arrested and charged with Second Degree Burglary; Conspiracy to Commit Crime; Receive/Etc. Known Stolen Property; and Possession of Burglary Tools. An initial appearance before Magistrate Judge Ryu was held on May 9, 2018. Judge Ryu ordered Mr. Williams' conditions of release modified pending the hearing before Judge White, to include placement at the Residential Re-entry Center (RRC). Judge Ryu ordered Mr. Williams to participate in the Location Monitoring Program until a bed was available at the RRC.

On May 15, 2018, a Request for Modifying the Conditions or Term of Supervision with Consent of Mr. Williams was filed modifying Mr. Williams supervised release conditions to include the following: 1) You shall participate in the Location Monitoring Program as directed by the probation officer until bed space in a Residential Reentry Center (RRC) is available, and be monitored by location monitoring technology at the discretion of the probation officer. Location monitoring shall be utilized to verify your compliance with a curfew while on the program. You are restricted to your residence every day from 6 a.m. to 7 p.m., as directed by the probation officer. Location monitoring fees are waived; and 2) You shall reside for a period of up to 6 months in a Residential Reentry Center (RRC) and shall observe the rules of that facility.

RE: Williams, Taj Habeeb 2
 0971 4:15CR00422-001 JSW

On August 7, 2018, Mr. Williams appeared before Your Honor for a status hearing. The matter was continued until October 2, 2018. Mr. Williams did not appear on October 2, 2018, and an arrest warrant was issued. Mr. Williams was apprehended on May 8, 2019, and an initial appearance was held in front of Judge Ryu on June 11, 2019. On July 2, 2019, Mr. Williams appeared in front of Your Honor and admitted all charges. On September 3, 2019, Your Honor revoked Mr. Williams' term of supervision and sentenced him to 12 months and one day custody, followed by 23 months supervised release. The original special conditions were all reimposed.

On March 1, 2021, a Petition for Summons for Offender Under Supervision was filed alleging Mr. Williams violated his conditions of supervised release. Mr. Williams appeared before Magistrate Judge Van Keulen for an initial appearance on March 12, 2021. On April 13, 2021, Mr. Williams appeared before You Honor for a status and received judicial admonishment. The matter was set for a further status on June 22, 2021.

**Type of Supervision**  
Supervised Release  
**Assistant U.S. Attorney**  
Anna Nguyen

**Date Supervision Commenced**  
May 26, 2020  
**Defense Counsel**  
Hanni Meena Fakhoury (AFPD)

---

**Petitioning the Court for the issuance of a no bail warrant for the arrest of the person under supervision (new charges Six, Seven and Eight are listed in bold font).**

I, Gina Wickersheim, a Probation Officer employed in the United States District Court for the Northern District of California, solemnly affirm and declare, under penalty of perjury, that to the best of my information and belief, the facts set forth in this affidavit are true and correct. The factual affirmations made below are based on my personal knowledge, on official records or documents generated and maintained by my agency in the course of performing its functions, on official records or documents generated and maintained by other government agents or agencies in the course of performing their functions, or on information provided to me orally or electronically by employees or agents of other public agencies (information developed or acquired in the course of performing official agency functions).

| Charge | Violation |
|---|---|
| One | There is probable cause to believe that the person under supervision violated standard condition number five that states you must answer truthfully the questions asked by your probation officer. |
|  | On September 15, 2020, at approximately 12:13 p.m. the undersigned officer contacted Mr. Williams to inform him that Probation was en route to conduct a home visit and asked to confirm his address. He confirmed he was still staying at the Budget Inn located at 10621 San Pablo Ave, in El Cerrito, California. Probation arrived at the motel and called to inform Mr. Williams, and asked him which room he was in. |

**RE:** Williams, Taj Habeeb 3
0971 4:15CR00422-001 JSW

> Mr. Williams responded that he was "changing rooms." A visual inspection of the property did not reveal the client, nor workers cleaning/changing rooms. Several subsequent calls and texts were sent to Mr. Williams attempting to reach him. Several minutes later he informed Probation that there were not any available rooms and that he was told to wait until after 3:00 p.m. that day; however, Probation noticed two signs on the Budget Inn Office door noting vacancy. Client's picture was shown to both the manager and housekeeper, and neither recognized Mr. Williams as a motel guest. Probation contacted Williams again and instructed him to immediately provide his whereabouts. Mr. Williams provided the location of the Seahorse Motel, located at 909 Cutting Blvd, in Richmond, California. Upon arrival, Mr. Williams reported he had just rented a room there after Probation contacted him and acknowledged he was not staying at the Budget Inn as previously reported.
>
> Evidence of alleged violation is contained in a chronological entry in Mr. Williams' electronic probation file dated September 15, 2020.

Two | There is probable cause to believe that the person under supervision violated standard condition number eight that states in part, you must work at least part-time (defined as 20 hours per week) at a lawful type of employment unless excused from doing so by the probation officer for schooling, training, community service or other acceptable activities).

> Mr. Williams reported being employed at Hunter's Point Family until on or around the date of August 12, 2020. He informed Probation that he quit his employment due to his hours being cut, and since that date, client has not secured additional employment, and further reports he has not been attempting to seek employment.
>
> Evidence of the alleged violation is contained in chronological entries in Mr. Williams' electronic probation file dated August 19, 2020 and February 1, 2021.

Three | There is probable cause to believe that the person under supervision violated standard condition number ten that states if you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

> On December 2, 2020, Mr. Williams was involved in a traffic stop by the Richmond Police Department, as the driver and sole occupant of a vehicle. Client was not the owner of the vehicle, and further did not have a valid California driver's license.

| | | |
|---|---|---|
| **RE:** | Williams, Taj Habeeb<br>0971 4:15CR00422-001 JSW | 4 |

On January 20, 2021, at approximately 1:30 p.m., Mr. Williams was involved in a traffic stop by the Hercules Police Department. Mr. Williams was driving a vehicle, with an individual identified as Michael Harmon, a convicted felon, as his passenger. Mr. Williams was driving a vehicle without license plates and again, did not have a valid California driver's license.

To date, Mr. Williams has not informed Probation of the contact with law enforcement regarding either incident.

Evidence of the alleged violation is contained in the ATLAS hit record dated December 2, 2020; a chronological entry in Mr. Williams' electronic probation file dated 12/2/2020; in Hercules Police Department incident report number 2021-1043; and through my testimony.

| | |
|---|---|
| Four | There is probable cause to believe that the person under supervision violated special condition number one that states you must participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as you are released from treatment from the probation officer. |

On June 15, 2020, Mr. Williams was enrolled in randomized code-a-phone drug testing with Dolan Mental Health in Oakland California. Thereafter, Williams failed to show for every scheduled urinalysis test (including July 7, August 10, September 22, October 1, November 3, and December 3, 2020, and January 5, 2021).

Evidence of the alleged violation is contained in email notification from Dolan Mental Health dated July 8, August 10, September 23, October 1, November 3, December 4, 2020, and January 5, 2021.

| | |
|---|---|
| Five | There is probable cause to believe that the person under supervision violated special condition number four that states you must pay any special assessment that is imposed by this judgement and that remains unpaid at the commencement of the term of supervised release. |

At the time of sentencing, Mr. Williams was ordered to pay a $100 special assessment. Records from OPERA (Offender Payment Enhanced Report Access) reflect Mr. Williams' only payment toward his special assessment, in the amount of $25, was posted on April 2, 2020. There is an outstanding balance of $75.

**RE:    Williams, Taj Habeeb                                                                5
        0971 4:15CR00422-001 JSW**

> Evidence of the alleged violation is contained in a current Offender Payment Enhanced Report Access (OPERA) report.

**Six**    **There is probable cause to believe that the person under supervision violated mandatory condition number one that states you must not commit another federal, state, or local crime.**

> **On or about May 28, 2021, at approximately 19:42 hours in Vallejo, California, Mr. Williams possessed a concealed, loaded firearm, in violation of California Penal Codes 29800 (a)(1) (Possession of a Firearm by Felon); 25850(a) (Carrying a loaded firearm in Person/Vehicle in public); and 25400(a)(1) (Concealed Firearm Within a Vehicle); all felonies.**
>
> **According to the investigative report, Vallejo Police Department recognized Mr. Williams as a known probationer, made contact with him and conducted a search of his vehicle. During the search of the vehicle, Vallejo Police located a loaded Glock 27 pistol in the center console. The pistol had a round in the chamber and 8 rounds in the magazine.**
>
> **Evidence of the alleged violation is contained in Vallejo Police Report Number 21-6158.**

**Seven**    **There is probable cause to believe that the person under supervision violated standard condition number twelve that states you must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon.**

> **On or about May 28, 2021, at approximately 19:42 hours in Vallejo, California, Mr. Williams was found in possession of a loaded Glock 27 pistol, with a live round in the changer and 8 rounds in the magazine.**
>
> **Evidence of the alleged violation is contained in Vallejo Police Report Number 21-6158.**

**RE:** Williams, Taj Habeeb 6
0971 4:15CR00422-001 JSW

**Eight**     **There is probable cause to believe that the person under supervision violated standard condition number three that states the defendant shall not knowingly leave the federal judicial district without permission of the court or probation officer.**

   **On or about May 28, 2021, Mr. Taj Williams was located in Vallejo, California. Mr. Williams did not request, nor receive the requisite permission to leave the Northern District of California.**

   **Evidence of the alleged violation is contained in Vallejo Police Report Number 21-6158, and through my testimony.**

Based on the foregoing, there is probable cause to believe that Taj Habeeb Williams violated the conditions of his Supervised Release.

Respectfully submitted,                                          Reviewed by:

_Gina Wickersheim_                                              _Jennifer J. James_

Gina Wickersheim                                                Jennifer J. James
U.S. Probation Officer                                          Supervisory U.S. Probation Officer
Date Signed: June 1, 2021

NDC-SUPV-FORM 12C(1)  4/6/2015

**RE:** Williams, Taj Habeeb 7
0971 4:15CR00422-001 JSW

---

Having considered the information set forth above, the court finds there is probable cause to believe there has been a violation of the conditions of supervision and orders:

- [X] The issuance of a no bail warrant AND ORDER THAT THIS FORM BE FILED UNDER SEAL, AND NO PUBLIC RECORD OF WARRANT ISSUANCE BE MADE. THE FORM SHALL BE UNSEALED AND BE PART OF THE PUBLIC RECORD UPON ITS EXECUTION.

- [ ] Other:

_____June 2, 2021_____     _____
Date                                  Jon S. Tigar
                                      United States District Judge

**RE:** Williams, Taj Habeeb 8
0971 4:15CR00422-001 JSW

## APPENDIX

Grade of Violations: B [USSG §7B1.1(a)(2), p.s.]

Criminal History at time of sentencing: IV

|  | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| **Custody:** | Three years<br>18 U.S.C. § 3583(e)(3) | 12-18 months<br>USSG §7B1.4(a), p.s. |
| **Supervised Release:** | Five years, less any aggregate terms of custody imposed upon revocation<br>18 U.S.C. § 3583(h) | Five years, less any aggregate terms of custody imposed upon revocation<br>USSG §7B1.3(g)(2), p.s. |
| **Probation:** | Not Authorized | Not Applicable |

NDC-SUPV-FORM 12C(1) 4/6/2015